May Term,
1851.

THE INDIANA
MUTUAL FIRE
INSURANCE
COMPANY
· v.
COQUILLARD.

THE INDIANA MUTUAL FIRE INSURANCE COMPANY *v.* COQUIL-
LARD and Another.

| 2 | 645 |
| 151 | 223 |

A policy of insurance of a building against destruction by fire, given by
the *Indiana Mutual Fire Insurance Company*, is rendered void; and the
lien of the company on the building is lost, by a sale or mortgage of the
property by the assured; but, though the lien be so annulled, still the
assured is personally liable on the premium note until an actual surren-
der of the policy to the company and the payment of all assessments
against him for losses sustained by the company before the surrender.

ERROR to the *St. Joseph* Circuit Court.

Tuesday,
July 1.

BLACKFORD, J.—This was an action of assumpsit com-
menced in *March*, 1846, by the *Indiana Mutual Fire Insu-
rance Company* against *Coquillard* and *Smith.* The de-
claration contains two counts.

The first count alleges that the defendants, on the 3d
of *February*, 1838, made their promissory note to the
plaintiff for the sum of .584 dollars and 10 cents, payable
in such portions and at such times as the directors of the
plaintiff might direct; that the said directors, on the 25th
of *August*, 1843, ordered an assessment of 40 dollars and
89 cents on said note; that due notice of the assessment
was published; but that the defendants have not paid,
&c.

The second count is on the same note. It alleges
that, on the 9th of *September*, 1844, another assessment of
27 dollars and 74 cents was made on said note; that due
notice of the last-mentioned assessment had been pub-
lished; but that the defendant had not paid, &c.

The defendants appeared to the suit, and *Coquillard*
pleaded non-assumpsit.

At the *March* term, 1846, the parties submitted the

May Term, 1851.

THE INDIANA
MUTUAL FIRE
INSURANCE
COMPANY
v.
COQUILLARD.

cause to the Court, and judgment was rendered for the plaintiff for 7 dollars and 73 cents, with costs.

The plaintiff below is the plaintiff in error.

At the trial, the plaintiff introduced in evidence the note sued on, and proved the assessment as described in the counts respectively. The due publication of the notice mentioned in the second count was also proved. The defendants proved that the plaintiff, at the *October* term, 1842, had recovered judgment against them for 129 dollars and 92 cents, being the amount of two assessments on said note. The defendants also, in order to lessen the amount to be recovered, gave in evidence a deed of conveyance executed by said *Coquillard* and his wife to *John D. Defrees*, for nine-tenths of the property insured by the policy named in said note. That deed was executed before either of the assessments described in the declaration was made, namely, on the 12th of *November*, 1841.

The only question in the cause is, whether the said deed of conveyance had any effect upon the personal liability of the defendants arising from the payment of the note before us. And we are of opinion that it had not. The defendants continued, notwithstanding said deed of conveyance, personally liable on the note until the actual surrender to the plaintiff of the said policy. *M⁰ Culloch* v. *The Indiana Mutual Fire Ins. Co.*, 8 Blackf. 50. In the case now under consideration, it does not appear that there had been any surrender of the policy.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the submission of the cause inclusive set aside. Cause remanded for further proceedings. Costs here.

*J. L. Jernegan*, for the plaintiff.