May Term,
1854.

INDIANA MU-
TUAL FIRE
INSURANCE
COMPANY
v.
CONNER.

*Per Curiam.*—The decree is affirmed with costs.

*J. B. Niles* and *A. L. Osborn*, for the appellants.

*J. L. Jernegan*, for the appellees.

## THE INDIANA MUTUAL FIRE INSURANCE COMPANY *v.* CONNER.

Suit by the *Indiana Mutual Fire Insurance Company* against *C.*, upon his premium note. *C.*, on the 29th of *March*, 1843, effected an insurance with the plaintiffs on certain property in *Indianapolis*, receiving a policy and giving the note sued on—the policy and the note being the consideration for each other. The declaration, after setting out the substance of the note and policy, averred that certain assessments had been regularly made against the defendant, according to the terms of the contract, which he had failed and refused to pay, &c. Plea, that on the 10th of *July*, 1843, *C.* sold and conveyed the property insured to *W.;* that on the 12th of *July*, 1843, he paid all insurance and assessments which had accrued up to the latter date, of which the plaintiff had notice, &c., and that thereby and thereafter the consideration of the note had failed. The charter of the company provides that when a house or other building shall be alienated by sale, &c., the policy shall be void, and be *surrendered to the directors of the company to be cancelled; and upon such surrender* the assured shall be entitled to his deposit (premium) note, upon the payment of his proportion of all losses and expenses that *have occurred prior to such surrender. Held,* notwithstanding this provision, that the plea was a sufficient answer to the action.

Courts will look at the substance of contracts of insurance, just as at contracts between individuals, and will not permit corporations, under the pretext of cunningly devised stipulations, which tend to render nugatory the ostensible object of the contract, to evade any just responsibility incurred, or assert any right not fairly coming within the purview and clear intent of the contracting parties.

ERROR to the *Hamilton* Circuit Court.

STUART, J.—The insurance company sued *Conner* on his premium note. The defendant filed the general issue and four special pleas. Demurrer to the special pleas overruled, and judgment for the defendant. The insurance company brings the case to this Court.

It appears that on the 29th of *March*, 1843, *Conner* effected an insurance with the plaintiff upon certain property in *Indianapolis*, for 3,000 dollars, receiving a policy

and giving the note now sued upon, for 180 dollars; the
policy and the note being the consideration, each for the
other, and thus one contract.   The declaration sets out the
substance of the note and the policy, and then avers that
certain assessments had been regularly made against the
defendant, according to the terms of the contract, which he
had failed and refused to pay, &c.

The substance of the pleas is briefly this.   That on the
10th of *July*, 1843, *Conner* sold and conveyed the property
insured to one *West;* that on the 12th of the same month
and year, he paid all insurance and assessments which had
accrued up to the latter date, of all which the plaintiff had
notice, &c., and that thereby and thereafter the considera-
tion of the premium note had failed, &c.

The pleas are drawn without much artistic skill, nor are
they as full as the facts would seem to suggest.   But yet,
perhaps, they are set forth with sufficient certainty for mat-
ters of defence.

It appears that section 15 of the insurance company's
charter requires the policy to be surrendered (1).   That
such surrender was necessary to discharge the assured from
future assessments, is suggested in 8 Blackf. 50, and di-
rectly decided in 2 Ind. 645.   The pleas do not allege the
surrender of the policy at any time prior to the commence-
ment of suit.

Tested by these authorities, the pleas, it is contended,
are bad, and the demurrer should have been sustained.

But the case of *McCulloch* v. *The Indiana Mutual Fire
Insurance Company*, 8 Blackf. 50, does not sustain the doc-
trine claimed by the plaintiff.   That was a bill in chancery
to enforce payment of the premium note, as a charge on
the insured premises, in the hands of the vendee of the
party assured.   The Court held, that a policy of insurance
given by the *Indiana Mutual Fire Insurance Company* was
rendered void, and the lien of the company on the insured
premises lost, by a sale or mortgage.   In the conclusion an
intimation is given that the assured was still personally
liable on the premium note, until the policy was surren-
dered.   But that point was not before the Court, and can

May Term,
1854.

INDIANA MU-
TUAL FIRE
INSURANCE
COMPANY
v.
CONNER.

be regarded only as a suggestion to the company in what direction their remedy lay if they had any.

The other case, *The Indiana Mutual Fire Insurance Company* v. *Coquillard*, 2 Ind. 645, is placed entirely on the authority of that incidental remark in 8 Blackf. 50. No additional authority or reason is given for the conclusion.

Thus relieved from the authority of both these cases, on the question of surrendering the policy, we feel at liberty to examine it on its merits.

In 8 Blackf., *supra*, and on the point really before the Court, it was held that a sale or mortgage rendered the policy void. So that after the sale to *West*, on the 10th of *July*, 1843, the risk of the insurance company ceased.

The consideration of the premium note was a continuing one, namely, that the destruction of the property described in the policy should be at the risk of the company. When that risk of the company ceased, the consideration of the note, *pro tanto*, failed from that instant. Had the property insured been destroyed by fire on the 13th of *July*, 1843, neither *Conner* nor his vendee could have recovered anything from the company. The policy was rendered void by the sale on the 10th. 8 Blackf., *supra*. Had *Conner* sued on the policy, the insurer would not have been slow to urge an objection so fatal to his recovery. As between individuals, the justice of the defence setting up a failure of consideration, would be clear. But it is said the charter holds the assured liable on the premium note till the policy is surrendered. That in such charters, and also in the policies themselves, there are a great many provisoes and exceptions, calculated to impose on the public confidence, is very true. These *minutiæ* often seem purposely multiplied to such extent as to throw the risk chiefly on the party assured. But the Courts will look at the substance of these contracts, just as they would at contracts between individuals; and not permit corporations, under the pretext of cunningly devised stipulations, which tend to render nugatory the ostensible object of the contract, to evade any just responsibility incurred, or assert any right not fairly coming within the purview and clear intent of

the contracting parties. *The Kentucky Mutual Insurance Company* v. *Jenks, ante,* p. 96.

May Term,
1854.

INDIANA MU-
TUAL FIRE
INSURANCE
COMPANY
v.
CONNER.

In the case at bar, *Conner* files four special pleas, which are all in substance the same, viz., that he sold and conveyed the insured property on the 10th of *July*, 1843, and that on the 12th of *July*, 1843, he gave notice of the sale to the insurance company, and paid all assessments up to that date.

It might have saved *Conner* the expense and trouble of this suit, had he at the same time delivered the policy. But yet we think the pleas in substance a good bar to the action. What he did was in effect a surrender. The actual delivery of the policy was wholly immaterial. After the 10th of *July*, 1843, the rights of the insurance company could in no manner be affected, whether the policy was surrendered or retained. In the hands of *Conner*, or any other person, it was no better than so much waste paper.

The consideration of the premium note, up to the date of the sale, was good; and so far *Conner* had discharged it. Upon the residue of the note, the risk, which was the continuing consideration, ceased, and *Conner's* liability on the contract ceased with it.

We are therefore of opinion that the ruling of the Circuit Court was correct.

*Per Curiam.*—The judgment is affirmed with costs.

*R. L. Walpole* and *W. Garver*, for the plaintiffs.

*S. Yandes*, for the defendant.

---

(1) The provision in the charter referred to, is as follows:

"When any house or other building shall be alienated by sale or otherwise, the policy thereupon shall be void, and be surrendered to the directors of said company, to be cancelled; and upon such surrender, the assured shall be entitled to receive his, her, or their deposite note, upon the payment of his, her, or their proportion of all losses and expenses that have occurred prior to such surrender: *Provided, however,* That the grantee or alienee, having the policy assigned to him, may have the same ratified and confirmed to him, her or them, for his, her, or their own proper use and benefit, upon application to the directors, and with their consent, within thirty days next after such alienation, on giving proper security, to the satisfaction of the said directors, for such portion of the deposite or premium note, as shall remain unpaid, and by such ratification and confirmation, the party causing the same shall be entitled to all the

rights and privileges, and subject to all the liabilities to which the original party insured was entitled and subjected under this act." Local Laws, 1837, p. 124.